**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen Craig ST. JAMES,**
**Defendant–Appellant.**

**No. 00–1912.**

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before NORRIS and BATCHELDER, Circuit Judges; GWIN, District Judge.[*]

Stephen Craig St. James, represented by counsel, appeals a district court judgment sentencing him to 24 months of imprisonment, following the revocation of his supervised release. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In April 1994, St. James was sentenced to serve sixty-three months of imprisonment for two bank robberies, plus a three year term of supervised release. He spent the last months of his imprisonment in a substance and alcohol abuse program (the Great Lakes Recovery Center). After being released from custody, St. James pleaded guilty to five violations of the conditions of his supervised release, all of which arose out of two separate drunk driving arrests. The district court sentenced St. James to the custody of the Bureau of Prisons for four months, which

---

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

he served at the Great Lakes Recovery Center. Subsequently, St. James pleaded guilty to the current violations of his supervised release, including consumption of alcohol and failure to notify the probation office that he had been stopped by police and questioned about not wearing his seatbelt. The court departed upward from the recommended range of three to nine months and sentenced St. James to twenty-four months in prison.

St. James has filed a timely appeal, essentially asserting the following arguments: 1) whether the district court considered the requisite factors of 18 U.S.C. § 3553 when it departed upward from the recommended range, and whether the sentence imposed was plainly unreasonable; 2) whether the district court made the proper findings prior to departing from the recommended range, and whether the court stated its reasons for departing upward; and 3) whether the district court improperly considered St. James's need for substance abuse treatment when it sentenced him.

Upon review, we conclude that the district court properly sentenced St. James. This court reviews a district court's sentence upon revocation of supervised release for an abuse of discretion. *See United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998).

The record clearly reflects that the district court did consider the relevant sentencing factors provided for in 18 U.S.C. § 3553 when it imposed a twenty-four month sentence. *United States v. McClellan,* 164 F.3d 308, 309–10 (6th Cir.1999). In addition, the district court's comments reflect that it properly considered the policy statements contained in Chapter Seven of the Sentencing Guidelines before imposing sentence after revocation of supervised release. *Id.* Finally, although St. James argues that a twenty-four month sentence

is not necessary to complete a 500 hour treatment program, he has not presented anything to support this argument. He has offered no evidence to raise doubt with the district court's statement that the Bureau of Prisons would require twenty-four months to provide St. James with a suitable treatment program. Hence, the sentence is not plainly unreasonable.

The district court did not err when it departed from the recommended sentence of three to nine months. St. James appears to argue that the court could not depart without making the type of findings set forth in *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). However, St. James has not cited to any authority which extends *Koon* to parole revocation cases, and this court has been unable to find any such authority. Nonetheless, a review of the record clearly reflects that the district court stated its reasons for departing from the recommended range of three to nine months. The court was aware that St. James was present for sentencing following his second alcohol-related conviction for violating the condition of his supervised release. The court stated that St. James had an alcohol problem, and that it was departing upward so as to permit him enough time to take advantage of the Bureau of Prison's 500 hour abuse treatment program.

Finally, the district court did not err when it considered St. James's need for treatment when it imposed its sentence. Once imprisonment is chosen as a punishment, 18 U.S.C. § 3582 does not prohibit consideration of correction and rehabilitation in determining the length of imprisonment. *United States v. Giddings,* 37 F.3d 1091, 1096 (5th Cir.1994). In fact, § 3553(a)(2)(D) specifically requires the court to consider "correctional treatment" as a factor in determining sentence length. Because the district court had already de-

termined to sentence St. James to a term of imprisonment, the court was free to consider his need for more substance abuse treatment as a factor in determining the length of the sentence.

Accordingly, the court should affirm the district court's judgment.