NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0511n.06
Filed: July 19, 2007

No. 06-1845

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| OSHEA PIERALL WARD, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

**Before: MOORE and GILMAN, Circuit Judges; and FORESTER, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** In 2004, a federal jury convicted Oshea Pierall

Ward of being a felon in possession of a firearm, of possessing marijuana with the intent to

distribute, and of possessing a firearm in furtherance of a drug-trafficking crime. The district court

sentenced Ward to 127 months in prison. This court upheld his convictions on appeal, but vacated

his sentence and remanded the case to the district court for the limited purpose of resentencing. On

remand, the district court imposed the same 127-month sentence. Ward again appeals, arguing that

his sentence is unreasonable within the meaning of *Booker*. For the reasons set forth below, we

**AFFIRM** the judgment of the district court.

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I. ANALYSIS

**A.      Standard of review**

We review sentences post-*Booker* for reasonableness. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). Under the law of this circuit, reasonableness has both procedural and substantive components. *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006). A sentence is procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Id.* The district court need not discuss each and every § 3553(a) factor, but the reasons that it does provide for the sentence must sufficiently reflect considerations akin to those enumerated in the statute. *See United States v. Dexta*, 470 F.3d 612, 614-15 (6th Cir. 2006). As this court summarized in *Dexta*,

> [t]he court need not explicitly consider each of the § 3553(a) factors; a sentence is procedurally reasonable if the record demonstrates that the sentencing court addressed the relevant factors in reaching its conclusion. Moreover, satisfaction of the procedural reasonableness requirement does not depend on a district court's engaging in a rote listing or some other ritualistic incantation of the relevant § 3553(a) factors.

*Id.* (citations omitted).

A sentence is substantively unreasonable if the district court "selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Caver*, 470 F.3d at 248 (brackets omitted).

**B.      Discussion**

We need not address the substantive reasonableness of Ward's sentence because he limits his challenge to its procedural reasonableness, and only the district court's application of a single § 3553(a) factor at that. Specifically, Ward argues that "the District Court failed to consider the first of 18 U.S.C. § 3553(a)(1) which is the history and character of Mr. Ward." But the record clearly supports the government's contrary argument that "the district court did consider Mr. Ward's upbringing, but found his family circumstances to be unremarkable and not extraordinary." Even Ward himself concedes that the court "recit[ed] [his] upbringing."

During the sentencing hearing, the district judge stated in pertinent part as follows:

Your father . . . smoked marijuana excessively, was not really a part of your family, not part of your upbringing. You were raised by your grandmother. So now your children are being raised by someone to whom they're not related or married, I might note. Although it does seem to be a relationship of some years duration, it's one indication of stability, I would imagine. Well, the pattern that's reflected in your background and in the background that you have brought upon your own children is one that, that judges see so often that it's; well, it's very sad and familiar. It's a lot of things. But it's sad and familiar.

A defendant, particularly a young man standing before the Court looking at many years of imprisonment, a man that was raised in circumstances that are, seem almost predestined to lead to a life of criminal activity and poverty, being raised by a single women [sic], typically, or a grandmother, as in her case.

When a man stands here for sentencing before a court and part of the man's background [is] that he's helped to produce children who are themselves being raised by a single woman or by grandmothers, and it goes down generations like that, so it seems. That is a sadly recurring circumstance. It is a hallmark of perhaps a number of things. But it certainly is a hallmark of what is commonly known as a criminal underclass and a poverty-prone underclass in some way. And I don't know enough about organizing societies, I suppose, to know whether judges have a role or any proper part in trying to break that cycle. But I think that's beyond the scope largely, at least, beyond the scope of sentencing considerations here.

We will therefore assume that Ward's true argument is not that the district court failed to consider his history and character, but simply that it did not so in a manner that ultimately benefitted him. But *Booker* and § 3553(a) do not require *favorable* consideration, and Ward fails to cite any authority to the contrary. Ward also appears to argue that the district court's consideration of his history and character was premature, coming before the judge ultimately "fashion[ed] Mr. Ward's sentence" later in the sentencing hearing. We are not aware, however, of any requirement that the district court consider the § 3553(a) factors in sequential order. Such a requirement is particularly dubious given this court's explicit *non*requirement of a "ritualistic incantation" of each of the factors. *See Dexta*, 470 F.3d at 615.

Finally, Ward invokes what he characterizes as the "mandatory mandate" of 18 U.S.C. § 3582(a), which provides in pertinent part that a sentencing judge should recognize that "imprisonment is not an appropriate means of promoting correction and rehabilitation." Ward argues that this "mandate" "can be accomplished by sentencing Mr. Ward to a sentence of less than 127 months" given the district court's recognition and encouragement of Ward's rehabilitative efforts while in prison.

This argument would have been more persuasive if "correction and rehabilitation" had been the district court's sole concern in sentencing Ward, but the court made clear that deterrence was paramount. Specifically, the court stated that its primary intention was "to specifically singly deter you and stop you from committing other similar offenses during the term of incarceration." In any event, the court effectively took § 3582(a) into account by noting that "training educationally and vocational opportunities . . . . do not . . . weigh[] in favor of a longer sentence," and (presumably)

- 4 -

reduced Ward's sentence accordingly. *Cf. United States v. St. James*, 20 F. App'x 437, 438 (6th Cir. 2001) ("Once imprisonment is chosen as a punishment, 18 U.S.C. § 3582 does not prohibit consideration of correction and rehabilitation in determining the length of imprisonment.").

## II.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.