UNITED STATES of America

v.

Denis CALDERON–MINCHOLA,
Appellant.

No. 07–3972.

United States Court of Appeals,
Third Circuit.

Argued Oct. 30, 2008.

Opinion filed: Nov. 6, 2009.

Daryl F. Bloom, Esq., Office of the United States Attorney, Harrisburg, PA, for Appellee.

Guillermo L. Bosch, Esq., New Oxford, PA, for Appellant.

Before: McKEE, NYGAARD, and SILER,* Circuit Judges.

* Honorable Eugene E. Siler, Jr., Senior Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

## OPINION

McKEE, Circuit Judge.

Denis Segundo Calderon–Minchola was convicted by a jury of one count of willful failure and refusal to make a timely application in good faith for documents necessary to remove him from the United States pursuant to a final order of removal, in violation of 8 U.S.C. § 1253(a)(1)(B). He now appeals the sentence of 60 months of imprisonment that was imposed for that conviction. Because we conclude that the record does not establish the reasonableness of the sentence, we will vacate the sentence and remand for resentencing consistent with this opinion.

### I.

We have jurisdiction over Calderon–Minchola's challenge to the reasonableness of his sentence pursuant to 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291. *See United States v. Cooper*, 437 F.3d 324, 327 (3d Cir.2006). However, we have no jurisdiction to review his claim that the district court erred in not granting a downward departure under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4A3.1(b). *See United States v. Powell*, 269 F.3d 175, 179 (3d Cir.2001)("[I]f the court chose to [deny downward departure] as an exercise of discretion, we have no jurisdiction to review its decision.") (*citing United States v. Denardi*, 892 F.2d 269, 271–72 (3d Cir.1989)). The record here clearly establishes that the district court understood that it had discretion to grant the requested departure, but refused to exercise that discretion. *See* App. at 441. Thus, we will only review Calderon–Minchola's claim that his sentence was unreasonable under 18 U.S.C. § 3553(a).

### II.

Inasmuch as we write primarily for the parties who are familiar with the factual and procedural history of this case, we will set forth only those facts necessary to our brief discussion.

On April 3, 2007, Calderon–Minchola was convicted of failure to cooperate with deportation proceedings brought against him for violation of 8 U.S.C. § 1253(a)(1)(B). That prosecution was based on his refusal to sign deportation documents while his federal habeas petition was pending in the Eastern District of Pennsylvania.[1] As detailed in the Presentence Investigation Report ("PSR"), the probation office calculated a recommended sentencing range under the Guidelines of 77 to 96 months of imprisonment. That was based on Calderon–Minchola's total offense level of 24 and criminal history category of IV.

Our review focuses on the third step of the sentencing process under *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006). In *Gunter*, we explained that a sentencing court must properly calculate the sentencing range suggested by the Guidelines, rule on any motions for upward or downward departure, and then undertake a meaningful consideration of all of

---

1. Calderon–Minchola's habeas petition was dismissed by the district court as untimely on June 14, 2007. His subsequent appeal to our Court was denied on October 12, 2007, nine days after his sentencing for refusal to sign his travel documents. We also rejected his petition to review the order for removal from the Board of Immigration Appeals ("BIA") on December 12, 2007.

Previously, the BIA issued the order dismissing his appeal and denying his motion to defer judgment pending his federal litigation on May 17, 2006. An order of removal made by the immigration judge at the conclusion of proceeding under Section 240 of the Act becomes final upon dismissal of an appeal by the BIA. *See* 8 U.S.C. § 1101(a)(47)(B); *see also* 8 C.F.R. § 1241.1.

the factors mandated by § 3553(a). *See id.* at 247.

Section 3553(a) requires sentencing courts to consider several factors, including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; and the advisory range and policies of the Guidelines. In considering these factors, the sentencing court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

Here, the district court primarily expressed a concern for the likelihood of recidivism based on the defendant's prior contact with the criminal justice system. *See* App. at 460. However, according to testimony offered by an Immigration Customs Enforcement Agent during the two-day trial, Calderon–Minchola would have been deported to Peru within thirty days of the removal order. *See* App. at 179, Trial Tr. 124–25, Apr. 2, 2007. Therefore, to the extent that considerations of recidivism might have otherwise been relevant, they were greatly attenuated here.

As we noted above, we lack jurisdiction to review the district court's refusal to grant the downward departure that Calderon–Minchola requested based on his contention that his criminal history points exaggerated his prior record. We also note that the sentencing court was particularly attentive in listening to the very eloquent pleas that defense counsel made on his client's behalf at sentencing. Notwithstanding the district court's statement that "a variance of 17 months below the low end of the guideline range is sufficient [to meet the objectives of sentencing] and not greater than necessary to achieve sentenc-ing objectives," N.T., 10/5/07, at 340, we can not conclude, given the totality of circumstances here, that a sentence of 5 years imprisonment is "not greater than necessary." 18 U.S.C. § 3553(a).

Section 3553(a) clearly states that a court must impose a sentence that is "sufficient but not greater than necessary, to comply with the purposes of [sentencing]." In *United States v. Olhovsky,* 562 F.3d 530 (3d Cir.2009), we explained that this concept has been referred to as the "principle of parsimony" and that the Supreme Court has emphasized that it is the overarching instruction of 18 U.S.C. § 3553(a). *Id.* at 548 (*citing Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007)). That principle is particularly important here because nothing on this record suggests that a shorter period of incarceration would not have adequately addressed each of the § 3553(a) factors.

Although the sentencing court "note[d] that the defendant has a criminal history dating back to 1987," N.T., 10/5/07, at 339, the offense referenced was retail theft of sunglasses valued at less than twenty dollars when Calderon–Minchola was 19 years old. Moreover, the court did not explain why a 5 year incarcerative sentence was necessary given the defendant's noteworthy involvement with his family, his consistent and protracted history of employment, his continuous pursuit of education, and his pending removal to Peru. We understand and appreciate the sentencing court's concern that Calderon–Minchola had been convicted of aggravated assault, and we are not unsympathetic to concerns about the potential for recidivism that is often a consideration in sentencing proceedings. However, it is undisputed that Calderon–Minchola was to be deported to Peru. The court's concerns that Calderon–Minchola might reoffend were therefore inconsistent with the reality facing Calderon–Minchola

at the end of his incarceration. We therefore can not conclude that a period of incarceration of 5 years was necessary or appropriate under § 3553(a). Accordingly, on this record, we are unable to conclude that the sentence that was imposed was reasonable.

We realize that the final sentence is less than the sentence recommended under the Sentencing Guidelines. However, the recommended Guideline range is only one of several factors that must be considered. We have declined "to adopt a rebuttable presumption of reasonableness for within-guidelines sentences." *Cooper*, 437 F.3d at 331–32. We will therefore not presume that a sentence that is less than the Guideline range is necessarily the minimum sentence that is consistent with the sentencing factors in § 3553(a). Allowing such a presumption to control our assessment of the compliance with the principle of parsimony would elevate the Guidelines above all of the other § 3553(a) factors that must considered at sentencing.

### III.

For the reasons stated above, we will vacate the judgment of the district court and remand for resentencing.

SILER, Circuit Judge dissenting.

With all due respect to my colleagues, I respectfully dissent. In my opinion, when the district court considered all of the factors under 18 U.S.C. § 3553(a), and departed below the Guidelines range for 17 months, the court complied with the sentencing discretion under *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

I agree that the Guidelines range for this offense appears to be unduly harsh for such conduct by Calderon–Minchola. Moreover, had I been the district judge in the case, I might very well have rendered a different sentence. However, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* at 51, 128 S.Ct. at 597.

As the majority declares, we have not adopted a rebuttable presumption of reasonableness for within-Guidelines sentences. *See United States v. Cooper*, 437 F.3d 324, 331–32 (3d Cir.2006). The majority goes on to say that a sentence below the Guidelines range also does not have a presumption of reasonableness. Nevertheless, I would follow the decision in *United States v. Tomko*, 562 F.3d 558, 573–74 (3d Cir.2009) (en banc), where this court found a downward variance from a Guidelines range of 12 to 18 months to probation and home detention was not an unreasonable sentence. Therefore, in this case, I would likewise find that the variance of 17 months below the Guidelines range was not unreasonable.