**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 11a0067n.06

**No. 09-4505**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED
Feb 02, 2011
LEONARD GREEN, Clerk**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| CHALINO SANCHEZ-MERCADO, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE:  KENNEDY and MARTIN, Circuit Judges; and MURPHY, District Judge.[1]**

   **CORNELIA G. KENNEDY, Circuit Judge.**   Defendant-Appellant Chalino Sanchez-Mercado challenges his 37 month within-Guidelines sentence for illegal reentry of a removed alien as substantively unreasonable.  He claims: (1) that the district court improperly considered the presence of his family in the United States as an aggravating factor; and (2) that the district court failed to consider relevant mitigating factors in imposing a custodial sentence.  We conclude that the district court did not abuse its discretion in imposing a within-Guidelines sentence after properly considering the applicable sentencing factors in 18 U.S.C. § 3553(a).  For the reasons that follow, we AFFIRM.

**FACTUAL AND PROCEDURAL BACKGROUND**

   According to the Probation Office's Presentence Investigation Report ("PSR"), in April 2009 Immigration and Customs Enforcement ("ICE") found Sanchez-Mercado, a citizen of Mexico, at the

---

   [1] The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Hamilton County Justice Center in Cincinnati, Ohio. Local authorities had arrested Sanchez-Mercado on a warrant, issued in Hamilton County, for a probation violation. ICE agents determined that Sanchez-Mercado was an alien who previously had been removed from the United States: once on January 3, 2002 and again on November 25, 2008. During his time in the United States, Sanchez-Mercado had been convicted of crimes on three occasions: first for possession of cocaine; second for driving without a license and driving under the influence of alcohol; and third for possession and trafficking in marijuana. Sanchez-Mercado failed to obtain permission from the government before reentering the United States at the time of his arrest.

On June 8, 2009, Sanchez-Mercado pleaded guilty to illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2). The Probation Office calculated, and the district court accepted, his total offense level as 17 and determined that his criminal history category was IV, which resulted in a Guidelines range of 37 to 46 months' imprisonment.

At the sentencing hearing held on December 3, 2009, Sanchez-Mercado requested a sentence below the recommended Guidelines range based on his work ethic and his plan to move his family to Mexico, where he intended to work on a farm with his father. Sanchez-Mercado suggested that the district court construe his illegal reentry as a mitigating factor because he illegally reentered the United States to see his family. The district court disagreed and sentenced Sanchez-Mercado to 37 months' imprisonment. In declining to grant a variance from the Guidelines, the district court stated:

> This is not just a gentleman who twice reentered the United States illegally. He twice reentered the United States illegally and he's got two felony convictions and a conviction for drunk driving. I see a distinction between someone who just came back to see their family and someone who comes back and commits other crimes in the United States. And for that reason, I think that he's a perfect candidate for the guidelines.

When Sanchez-Mercado questioned whether the district judge imposed a higher sentence because

he had a family in the United States, the district judge explained that this fact "gives him an incentive

to try to reenter illegally again as he already has done previously":

> I certainly wouldn't penalize him for having a family here. I would just give him an
> ordinary guideline sentence if I feel that the guidelines are appropriate. And here
> he's getting the bottom of the guidelines—because this is his third illegal reentry,
> because he's been convicted of two significant felonies, and he has been convicted
> of driving drunk with a[n] alcohol content in his system that is huge and I think he's
> a danger to the public. And I'd like to persuade and prevent him from, as best the
> Court can possibly do, from coming back here.

The court entered its judgment on December 10, 2009. Prior to the entry of the written

judgment, Sanchez-Mercado appealed.

## ANALYSIS

Sanchez-Mercado argues that the district court's sentence was substantively unreasonable

for two reasons. He first contends that the district court impermissibly considered as an aggravating

factor the fact that his family resided in the United States when imposing its sentence and that absent

its consideration of this fact, it would have imposed a below-Guidelines sentence. Sanchez-Mercado

also challenges his sentence as excessive because of several supposed mitigating factors. For the

reasons set forth below, we reject Sanchez-Mercado's arguments and affirm his sentence.

A.  Standard of Review

Sanchez-Mercado does not challenge the procedural reasonableness of his sentence, only its

substantive reasonableness. We recently had occasion to discuss the standard for a substantive

reasonableness challenge:

> This court reviews a district court's sentence for reasonableness. *United*
> *States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008). Because [the defendant] does not
> challenge the procedural reasonableness of his sentence . . . this court need only

3

"'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)); *see also United States v. Vallellanes*, 339 F. App'x 579, 582 (6th Cir. 2009) (unpublished opinion) (bypassing the procedural-reasonableness analysis because the defendant did "not contend that his sentence [was] procedurally unreasonable"). The essence of a substantive-reasonableness claim is whether the length of the sentence is "greater than necessary" to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). "A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Walls*, 546 F.3d at 736 (internal quotation marks and alterations omitted).

In our substantive-reasonableness review, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. "Although a sentence that falls within the Guidelines range warrants a presumption of reasonableness in this circuit, there is no presumption against a sentence that falls outside of this range." *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). . . . However, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id*. at 51.

*United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). Moreover, "[s]entences imposed within a properly-calculated Guidelines range enjoy a rebuttable presumption of substantive reasonableness on appeal." *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009).

B. Sanchez-Mercado's Sentence Is Substantively Reasonable

Sanchez-Mercado first argues that in imposing a 37 month sentence, the district court improperly increased his sentence because he has a family in the United States. This assertion is not supported by the record. At the sentencing hearing, the district court did not rely on an impermissible factor in fashioning the sentence. Indeed, when Sanchez-Mercado questioned whether the district judge imposed a higher sentence because he had a family in the United States, the district judge unambiguously denied the allegation and clearly explained that the sentence imposed was a result of a Guidelines calculation and after consideration of Sanchez-Mercado's prior criminal

activities while living in the United States. Those considerations were properly evaluated in imposing a custodial sentence.

Sanchez-Mercado's second argument, that his sentence was excessive because the district court failed to consider mitigating factors, also fails. He contends that in addition to improperly considering his family as an aggravating factor, the district court failed to consider that he had a newborn child at the time of sentencing, that he had four other children that he promised that he would bring to Mexico to raise, his alleged good employment record, and his speedy efforts to plead guilty. However, Sanchez-Mercado's sentence was within the Guidelines range and is presumptively reasonable. Moreover, the district court properly considered the factors set forth in 18 U.S.C. § 3553(a). It was therefore not an abuse of discretion for the district court to impose a 37 month sentence after considering both the proffered supposed mitigating factors as well as Sanchez-Mercado's criminal history and prior illegal reentries into the United States.

For these reasons, we AFFIRM.