**NOT RECOMMENDED FOR PUBLICATION**
File Name: 18a0146n.06

**No. 17-5606**

### UNITED STATES COURTS OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Mar 21, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| TERRY HUNT, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**BEFORE:** **MOORE, GIBBONS, and ROGERS, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** The district court sentenced Terry Hunt to 21 months' incarceration for violating the terms of his supervised release. Hunt appeals, arguing that the sentence was substantively unreasonable. Because the sentence was at the low end of the Guidelines range and the district court properly considered the relevant sentencing goals, we affirm Hunt's sentence.

I.

On September 30, 2002, Hunt was sentenced to 156 months' imprisonment followed by four years of supervised release for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). His period of supervised release began on July 5, 2013. In January 2015, Hunt was charged with driving on a revoked or suspended license and leaving the scene of an accident in Trenton, Tennessee; however, the district court took no action at the time. A little

over a year later, Hunt was charged with possession of a controlled substance after Trenton police found marijuana in the back seat of a patrol car in which he had been riding. Once again, the district court agreed to take no action because Hunt's probation officer increased supervision contacts and arranged for a substance abuse assessment.

On April 28, 2016, Hunt appeared before the district court after he was again found to be in violation of his supervised release conditions. The court revoked Hunt's supervised release but immediately reinstated it on the condition that Hunt complete six months of home detention, undergo monthly drug screens, and participate in substance abuse counseling. Hunt was to continue on supervised release until July 4, 2017.

On April 20, 2017, the government filed a Petition for Warrant or Summons for Offender under Supervision, seeking revocation of Hunt's supervised release. The Petition charged that Hunt had received two positive drug screens and "used or administered a controlled substance, cocaine, that had not been prescribed for him by a physician." DE 47, Pet. for Warrant or Summons, Page ID 67. It further alleged that on April 7, 2017, Hunt was found with two sets of digital scales, a crack pipe, and less than half a gram of marijuana.

At Hunt's supervised release revocation hearing, he admitted that he had tested positive for drugs and that this was his second drug-related violation. However, instead of incarceration, he requested inpatient drug treatment. Hunt testified about the negligible counseling he had received for his April 2016 violation—he saw a counselor at Pathways in Milan, Tennessee once a month for about four months, and each meeting lasted between 15 and 20 minutes. His attorney argued that such counseling "seem[ed] so minimal as to be meaningless," especially given Hunt's long-term substance abuse problems. DE 65, Sent. Tr., Page ID 109.

The government conceded that Hunt's treatment at Pathways appeared "woefully inadequate." *Id.* at 111. However, while the government was initially inclined to agree with Hunt's request for inpatient treatment, after reviewing Hunt's presentence report, it took the position that inpatient treatment would not be effective. Based on Hunt's long history of drug abuse, treatment, and relapse, the government argued that "Mr. Hunt is not going to be amenable to treatment and will continue to abuse controlled substances." *Id.* at 113. The government therefore agreed with the probation officer's recommended sentence—revocation of supervised release and 21–27 months' imprisonment. Hunt's attorney countered that Hunt's failure to successfully stay sober should not be held against him because addicts frequently struggle with relapses.

The court concluded that Hunt's admission to the positive drug screens established a Grade B violation of his supervised release conditions. The Grade B violation plus Hunt's criminal history category of VI suggested a sentencing range of 21 to 27 months with a restricted range of 21 to 24 months. After noting that this was the second time Hunt had appeared before the court for violating his supervised release conditions, the court reasoned that it could not "overlook the fact that supervision just doesn't work well with [Hunt]," and sentenced him to 21 months' incarceration with no supervision to follow. *Id.* at 118–19. The court did not engage in further discussion of the relevant sentencing factors. It also recommended that Hunt undergo intensive drug treatment while in prison. Hunt appealed his sentence.

II.

Appellate courts "must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Typically, our review for abuse of discretion takes

into account both the procedural and the substantive reasonableness of the district court's sentencing determination, *id.* at 51; however, in his brief, Hunt only challenges his sentence on substantive reasonableness grounds.[1] Generally, "an appellant abandons all issues not raised and argued in its initial brief on appeal." *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006). When a defendant only challenges the substantive reasonableness of his sentence, we have previously limited our review accordingly. *See, e.g.*, *United States v. Sanchez-Mercado*, 409 F. App'x 879, 881–82 (6th Cir. 2011); *see also United States v. Tristan-Madrigal*, 601 F.3d 629, 632 (6th Cir. 2010). Thus, we evaluate Hunt's sentence for substantive reasonableness only.

A sentence is substantively unreasonable if the district court imposed it "arbitrarily," based it on impermissible sentencing factors or ignored relevant factors, or unreasonably weighed a particular factor. *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). "A properly calculated within-guidelines sentence will be afforded a rebuttable presumption of reasonableness on appeal." *Id.*

### III.

18 U.S.C. § 3583 governs the terms of supervised release and provides that the court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute" after considering certain sentencing factors laid out in 18 U.S.C. § 3553. 18 U.S.C. § 3583(e); *see also United States v. Lewis*, 498 F.3d 393, 398 (6th Cir. 2007). Those enumerated factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence

---

[1] Hunt's statement of the issue in his brief only challenges the substantive reasonableness of his sentence. Although Hunt recites the standard for procedural reasonableness in the body of his brief and seems to implicitly attack the sentence's procedural reasonableness by challenging the district court's failure to consider his request for a variance from the Guidelines' recommendation, he does not make any additional arguments about his sentence's procedural reasonableness. We therefore consider the issue abandoned.

imposed . . . to afford adequate deterrence to criminal conduct[,] to protect the public from further crimes of the defendant[,] and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) the sentence ranges in the policy statements for violation of supervised release; (4) other relevant policy statements regarding sentencing; (5) "the need to avoid unwarranted sentence disparities"; and (6) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a), § 3583(e); *see also Lewis*, 498 F.3d at 398.

Hunt claims that the district court's decision to incarcerate him was substantively unreasonable because it was greater than necessary to achieve these sentencing goals, and instead the district court should have allowed him to undergo inpatient treatment at a drug rehabilitation facility.[2]  He argues that the district court's sentence, which was based largely on the fact that this was Hunt's second supervised release violation, failed to account for the fact that he received only minimal drug counseling for his first violation.  We are not persuaded by Hunt's arguments and hold that he has failed to rebut the presumption of reasonableness this court affords within-Guidelines sentences.  *See, e.g.*, *United States v. Mullet*, 822 F.3d 842, 854 (6th Cir. 2016); *Conatser*, 514 F.3d at 520.

Hunt offers no case law to support the argument that his sentence is greater than necessary to achieve sentencing goals because he did not receive inpatient drug treatment in lieu of incarceration, and he makes no specific arguments regarding errors in the district court's

---

[2] In his brief, Hunt discusses only 18 U.S.C. § 3553(a), invoking its mandate that the court "impose a sentence sufficient, but not greater than necessary, to comply" with the list of sentencing goals following that provision. *See* 18 U.S.C. § 3553(a).  He does not mention 18 U.S.C. § 3583, which specifically governs revocation of supervised release, except in his statement of jurisdiction.  We will analyze his argument under § 3583, which governs the district court's sentence here.  Doing so does not materially alter the analysis, as § 3583 incorporates most of § 3553's factors. *See* 18 U.S.C. §§ 3553, 3583; *see also Lewis*, 498 F.3d at 398 ("The only factors in § 3553(a) which § 3583(e) does not require to be considered upon violation of supervised release are (a)(3), 'the kinds of sentences available,' and (a)(2)(A), 'the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'").

sentence. "[A] mere allegation that the sentence imposed is greater than necessary to achieve the goals of punishment outlined in § 3553(a) is insufficient to rebut the presumption of reasonableness." *United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2006). Rather than providing a legal basis for his substantive reasonableness challenge, the crux of Hunt's argument is that inpatient drug treatment would be more efficacious than incarceration. He cites academic journal articles, a policy manual, and an open letter from the Director of the Public Safety Performance Project in support of this assertion. In summary, these sources—which Hunt did not present to the district court during his sentencing hearing—state that addiction is a neurological disease that cannot be effectively treated with incarceration. While such arguments may have merit as a matter of policy, they fail to establish that the district court's sentence was substantively unreasonable.

The fact that Hunt did not get the outcome he requested is insufficient. *Cf. United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006) ("The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects."). Absent any indication that the district court imposed his sentence arbitrarily or failed to properly weigh all relevant factors, Hunt cannot rebut the presumption that his sentence was substantively reasonable. We therefore affirm the sentence imposed by the district court.