NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0024n.06

Case Nos. 23-1180/1183

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Jan 19, 2024

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) | |
| MOISES JESUS MACARIO-RAMIREZ, | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE: GIBBONS, WHITE, and THAPAR, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Moises Jesus Macario-Ramirez pled guilty to one count of illegal reentry under 8 U.S.C. § 1326(a) and received a bottom-of-the-guidelines sentence of thirty-seven months' imprisonment. Macario-Ramirez appeals that sentence as substantively unreasonable, contending that the district court improperly weighed the 18 U.S.C. § 3553(a) sentencing factors, providing too much weight to the negative aspects of Macario-Ramirez's criminal history and the need for a sentence of deterrence, while providing too little weight to the mitigating circumstances, such as Macario-Ramirez's impoverished upbringing and status as the sole breadwinner for his family. Because the district court did not abuse its discretion in balancing the § 3553(a) factors as applied to Macario-Ramirez, we affirm.

I.

Moises Jesus Macario-Ramirez is a Guatemalan national who has been in and out of the United States without proper documentation for at least the past decade. Macario-Ramirez came to the United States after growing up in extreme poverty in Guatemala. At age twelve, Macario-

Ramirez began work as a field laborer to support his family. Since coming to the United States, Macario-Ramirez has held various jobs to support his wife and young daughter in Indiana as well as his family back in Guatemala.

Since his initial entry, Macario-Ramirez has also garnered repeated interactions with law enforcement. Authorities first apprehended Macario-Ramirez at nineteen years-old in 2010 after witnessing him driving erratically. Macario-Ramirez failed a sobriety test on the scene and admitted to being intoxicated. He then pled guilty to reckless driving and driving without a license. The next year, Macario-Ramirez was again arrested after handing police forged identification papers during a traffic stop—resulting in two felony charges. Macario-Ramirez skipped the preliminary hearing in connection with these offenses and was subsequently charged with bail jumping. After pleading guilty to each charge, Macario-Ramirez served two years in prison and was deported to Guatemala in 2015.[1]

Macario-Ramirez returned to the United States soon after and continued to accumulate traffic and substance-related charges. In 2018, for example, Macario-Ramirez pled guilty to driving without a license after police responded to an accident. And in 2020, Macario-Ramirez was arrested for public intoxication at a fashion mall. After the arrest, law enforcement discovered that Immigration and Customs Enforcement ("ICE") had placed a hold on Macario-Ramirez and later transported him to ICE custody, from which he was deported from the United States for a second time.

Not long after, Macario-Ramirez again crossed into the United States and was deported for the third time in 2021 after serving six months' imprisonment for an illegal reentry charge in

---

[1] Prior to his first deportation, Macario-Ramirez had also been arrested for other driving and intoxication-related offenses under other names. Some of these charges were later dismissed, but the dispositions of others are unclear from the record.

Arizona. This charge also subjected Macario-Ramirez to a thirty-six-month term of supervised release, which prohibited Macario-Ramirez from committing another federal, state, or local crime, and from entering the United States without legal authorization.

Undeterred, Macario-Ramirez reentered the United States again sometime in 2022 and was apprehended for the current offense. He encountered customs officers in Port Huron, Michigan after being denied entry into Canada. During this encounter, Macario-Ramirez admitted to being in the United States illegally. Macario-Ramirez subsequently pled guilty to unlawful reentry under 8 U.S.C. § 1326(a). At the same time, Macario-Ramirez pled guilty to violating two conditions of his supervised release established from his previous illegal reentry conviction.[2] The district court sentenced Macario-Ramirez to six months on the supervised release violation to run concurrent with his pending illegal reentry sentence.

At sentencing, both parties agreed that the applicable Guidelines range for Macario-Ramirez's illegal reentry conviction was thirty-seven to forty-six months. The parties diverged, however, on the appropriate sentence. The government requested that the court sentence at the top of the range with a forty-six-month sentence, while Macario-Ramirez requested that the court sentence him to time-served, or, alternatively, to nine months. After ensuring that neither party had objections to the information within the presentence report, the district court allowed the government, defense, and then Macario-Ramirez himself, to speak. Macario-Ramirez expressed regret for his previous infractions and resolved to "do things in the right way" going forward. DE 25, Sentencing Hr'g Tr., Page ID 126.

---

[2] Jurisdiction over the supervised release violations garnered by Macario-Ramirez's new federal offense was transferred from the District of Arizona to the Eastern District of Michigan.

After the allocution, the district court conveyed its understanding of the case. The district court began with Macario-Ramirez's criminal history. The district court highlighted Macario-Ramirez's repeated interactions with law enforcement in the United States, noting that he often came into contact with immigration authorities "because of some illegal act [Macario-Ramirez] did." *Id.* While these acts were not major, they did put others at risk. Specifically, the district court emphasized the dangers presented by Macario-Ramirez's history of drunk driving, stating that it put "citizens at risk, other drivers at risk, [and] police officers at risk." *Id.* This criminal history and Macario-Ramirez's history of reentry, the court reasoned, rendered a sentence of time-served inappropriate.

Next, the district court acknowledged Macario-Ramirez's difficult upbringing in Guatemala. The court described the poverty Macario-Ramirez faced as "horrible," and recognized that Macario-Ramirez "tried to help [his wife and daughter] out as much as [he] could." *Id.* at Page ID 127–28. But the district court deemed these circumstances not to excuse repeated violations of the law. The district court highlighted that that Macario-Ramirez's upbringing was "similar to lots of people that have come over." *Id.* at Page ID 127. Furthermore, the court reminded Macario-Ramirez that he had been given light sentences for his previous convictions, and that his repeated reentry demonstrated that such sentences had neither instilled in Macario-Ramirez respect for the law nor provided adequate deterrence.

After explicitly citing the § 3553(a) factors, the district court sentenced Macario-Ramirez to thirty-seven months' imprisonment to run concurrently with the six-month sentence for the supervised release violation, which the district court described as "a break." *Id.* at Page ID 130, 133. That sentence would be followed by two years of supervised release, which the district court warned Macario-Ramirez meant that he could not return to the United States without authorization

during that time. Macario-Ramirez appealed his sentence on both the supervised release and illegal reentry cases soon after.

## II.

On appeal, Macario-Ramirez challenges his sentence as substantively unreasonable. We review sentencing decisions "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). On appellate review, within-guidelines sentences also enjoy a presumption of reasonableness. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Nonetheless, a "sentence may be substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Adkins*, 729 F.3d 559, 563–64 (6th Cir. 2013) (quoting *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011)). The reviewing court's role is to examine "whether the sentence is reasonable," not whether we would have imposed the same sentence in the first instance. *Id.* at 571 (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006)).

## III.

Macario-Ramirez primarily contends that the district court abused its discretion by putting too much weight on some factors, like the need for his sentence to instill respect for the law and provide adequate deterrence, and not enough on others, such as the nonviolent nature of his criminal history as well as his troubled upbringing and strong family ties. First, Macario-Ramirez contends that the Guidelines range of thirty-seven to forty-six months, while calculated correctly, overstates the seriousness of the instant offense, and thus the district court erred by giving "unreasonably high negative weight to the [G]uidelines." Appellant Br., at 11–12. Indeed, other courts have acknowledged that old convictions may drive up the Guidelines range in a manner that makes the range inappropriately high under the circumstances. *See United States v. Amezcua-*

*Vasquez*, 567 F.3d 1050, 1055–56 (9th Cir. 2009) (deeming enhancement based on an over twenty-year-old conviction for crime of violence unreasonable under the circumstances where defendant did not commit any like crimes thereafter); *cf. United States v. Calderon-Minchola*, 351 F. App'x 610, 611–12 (3d Cir. 2009) (deeming seventeen-month below-Guidelines sentence unreasonable based on the record in part because criminal history relied on unrelated, minor crime committed years prior). Macario-Ramirez argues that this is such a case because his Guidelines range was driven up by his nearly decade-old forged instrument convictions. Given this circumstance, Macario-Ramirez argues that even a sentence at the bottom of the Guidelines range is "greater than necessary" to achieve the sentencing goals articulated in § 3553(a). *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010) (quoting 18 U.S.C. § 3553(a)).

Here, however, Macario-Ramirez's Guidelines range was not unreasonably high because Macario-Ramirez's convictions for possession of forged identification documents, although somewhat old, related to Macario-Ramirez's history of residence in the United States without proper documentation. Thus, the offenses were not "unrepresentative of [Macario Ramirez's] characteristics during the past many years;" rather, they comported with the conduct resulting in the illegal reentry offense at issue. *Cf. Amezcua-Vasquez*, 567 F.3d at 1056 (predicate convictions "were very old and unrepresentative" of the defendant's characteristics in the decades since); *Calderon-Minchola*, 351 F. App'x at 612 (criminal history relied on by district court entailed decades-old count for theft of sunglasses valued at less than $20).

Similarly, the district court did not give the Guidelines unreasonable weight in fashioning Macario-Ramirez's sentence. Rather, the district court thoroughly reviewed Macario-Ramirez's history and characteristics, specifically his criminal history and the circumstances of his upbringing and family situation, among other things, in coming to an appropriate sentence. The

district court specifically recognized that Macario-Ramirez's criminal history did not reflect the commission of "major" crimes. DE 25, Sentencing Hr'g Tr., Page ID 126. Nonetheless, the district court did not act unreasonably in determining that Macario-Ramirez's history of alcohol- and driving-related offenses created a danger to the public. *See Tristan-Madrigal*, 601 F.3d at 633–34 (deeming sentencing judge's emphasis on the dangerousness presented by a history of drunk driving reasonable even though the past offenses did not actually result in injuries to others); 18 U.S.C. § 3553(a)(2)(C) (citing the need "to protect the public").

Additionally, the court addressed Macario-Ramirez's recidivism with respect to the crime at issue—unlawful reentry. Although Macario-Ramirez expressed his resolve to comply with the law in the future, the court highlighted its concerns that previous sentences and deportations had not sufficiently deterred Macario-Ramirez from reentering the United States without proper documentation. These concerns are far from unfounded and are not ameliorated by Macario-Ramirez's prospect of deportation after this sentence since he has thrice returned to the United States after deportation. *See Tristan-Madrigal*, 601 F.3d at 634–35 (upward departure to thirty-six months' imprisonment reasonable in part because defendant's history of four unauthorized reentries over an eight-year period supported the district court's "concern that [the defendant] would likely reoffend if not incarcerated for a time period greater than the top of the recommended Guidelines range").

For similar reasons, we reject Macario-Ramirez's argument that the district court abused its discretion in ascribing too little weight to Macario-Ramirez's upbringing, strong family ties, and role as the primary financial provider for his family. The record demonstrates that the district court did adequately consider relevant mitigating factors. The district court acknowledged that it read and "appreciate[d]" the letter written by Macario-Ramirez's wife, that it recognized the

challenges wrought by his upbringing in Guatemala, and that it understood that Macario-Ramirez had a wife and young daughter whom he loved and for whom he provided financially. DE 25, Sentencing Hr'g Tr., Page ID 121, 127–30. The district court did not act unreasonably, however, in determining that the need for deterrence and respect for the law evinced by Macario-Ramirez's criminal history and repeated reentry outweighed the mitigating aspects of his history and circumstances. *See United States v. Sanchez-Mercado*, 409 F. App'x 879, 882 (6th Cir. 2011) (rejecting substantive reasonableness challenge to thirty-seven-month sentence in unlawful reentry case for defendant with record of previous removal and substance-related convictions based on district court's alleged failure to give sufficient weight to defendant's family situation and employment record); *Adkins*, 729 F.3d at 571–72 (no substantive unreasonableness where district court adequately considered defendant's family circumstances).

## IV.

Given this analysis, Macario-Ramirez's arguments are "insufficient to justify our disturbing the reasoned judgment of the district court." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Accordingly, we affirm.