RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0455p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

BOLIVAR DEXTA,

        *Defendant-Appellant.*

No. 05-6818

>

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 02-00104—Curtis Lynn Collier, Chief District Judge.

Submitted: November 30, 2006

Decided and Filed: December 12, 2006

Before: MARTIN, NORRIS, and GIBBONS, Circuit Judges.

---

### COUNSEL

**ON BRIEF:** Bryan H. Hoss, DAVIS & HOSS, Chattanooga, Tennessee, for Appellant. Perry H. Piper, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

---

### OPINION

---

JULIA SMITH GIBBONS, Circuit Judge. Appellant-Defendant Bolivar Dexta ("Dexta") was convicted, after a jury trial, on three counts related to a conspiracy to distribute methamphetamine mixture. His first sentence was vacated by this court pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Following remand, the district court imposed the same sentence it imposed initially. Dexta subsequently appealed his sentence, challenging its reasonableness in light of 18 U.S.C. § 3553(a) and *Booker*. Because Dexta has failed to demonstrate either that (1) the district court's consideration of the relevant sentencing factors was deficient or (2) the sentence imposed by the district court was substantively unreasonable, we affirm the decision of the district court.

I.

Dexta, following a jury trial, was convicted on three counts: (1) conspiracy to distribute fifty grams or more of methamphetamine mixture in violation of 21 U.S.C. § 846; (2) possession of fifty grams or more of methamphetamine mixture with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and (3) attempted distribution of fifty grams or more of methamphetamine

1

mixture in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 and 18 U.S.C. § 2. After adopting the Presentence Investigation Report ("PSR"), the district court sentenced Dexta to 151 months imprisonment, the lowest sentence possible under the then mandatory Guidelines. A panel of this court vacated the sentence pursuant to the Supreme Court's decision in *United States v. Booker*. *United States v. Dexta*, 136 F. App'x 895 (6th Cir. 2005).

On November 17, 2005, the district court held a new sentencing hearing. The court relied on the original PSR to calculate the recommended Guidelines range applicable to Dexta's convictions: 151-185 months incarceration based on an offense level of 34 and a Criminal History Category of I. Dexta does not challenge the PSR or the court's reliance on it. Before the district court, Dexta argued that his individual characteristics, specifically his status as an alien, obligations as a husband and father, lack of a prior criminal history, and status as a middleman in the charged conspiracy militated in favor of a more lenient sentence. In response, the government emphasized that Dexta had maintained his innocence throughout trial and had in fact testified falsely about his involvement in the conduct charged, making a more lenient sentence inappropriate.

The district court considered the arguments of the parties and then pronounced sentence, stating the following:

> The big thing that you have going against you, Mr. Dexta, is your conduct at trial. Even if the Court believed that the sentence it had imposed should be different now that the court is not required under the guidelines, I think that it would set an extremely bad precedent. One of the things that we have to emphasize is the necessity for there to be only the truth in court. What we deal with are important issues and matters, and the Court and the juries have to make decisions based upon what people say under oath. And the assumption always is that people are telling the truth to the best of their ability.
>
> The Court determined that you had not been truthful in your testimony. And I think that there is a very, very strong need for that to be discouraged. So looking at 3553(a), one of the considerations is the need to deter others. And to reflect the seriousness of the involvement, I think, has particular application to that. Therefore the Court will reimpose the sentence it imposed initially in all respects, that is, 151 months' imprisonment.
>
> The Court has imposed this sentence taking into account the defendant's background and his unique circumstances. . . .

## II.

Dexta challenges the sentence imposed by the district court on the ground that it is unreasonable. Post-*Booker*, the discretion of a district court in handing down a sentence has been enhanced, and a sentence will be upheld on appeal if that sentence is "reasonable." *United States v. Jackson,* 408 F.3d 301, 304 (6th Cir. 2005). This reasonableness inquiry has both a procedural and a substantive component, requiring review of both the procedures used and factors considered in determining the sentence and the punishment itself. *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005).

## A.

Although district courts are no longer bound by the sentencing ranges contained in the Guidelines, a sentencing court must consider the applicable Guidelines range as one of a number of factors enumerated in 18 U.S.C. § 3553(a). *Jackson,* 408 F.3d at 304. The goal of the procedural reasonableness requirement is to ensure that a sentencing court explains its reasoning to a sufficient degree to allow for reasonable appellate review. *Id.* at 305. The court need not explicitly consider

each of the § 3553(a) factors; a sentence is procedurally reasonable if the record demonstrates that the sentencing court addressed the relevant factors in reaching its conclusion. *See United States v. McBride,* 434 F.3d 470, 475-76 & n.3 (6th Cir. 2006) (citing *Webb*, 409 F.3d at 383-85). Moreover, satisfaction of the procedural reasonableness requirement does not depend on a district court's engaging in a rote listing or some other ritualistic incantation of the relevant § 3553(a) factors. *See United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006); *see also United States v. Williams*, 436 F.3d 706, 708-09 (6th Cir. 2006).

Although Dexta argues that the district court failed to consider fully the sentencing factors outlined in § 3553(a), he does not point to any specific factor that was not presented to and considered by the district court. The district court explicitly stated that it was taking into account Dexta's background, the nature and circumstances of his offense, and the need to deter the sort of criminal conduct in which Dexta engaged. The district court also considered the level of Dexta's involvement in the underlying criminal activity. Finally, the district court noted its belief that Dexta had not given truthful testimony regarding his role in the criminal activity and emphasized the need to discourage such conduct.

Undeniably, the district court did not explicitly consider each and every § 3553(a) factor. Although a more specific discussion of the relevant factors would have been preferable, the record is nevertheless sufficient to allow for meaningful appellate review. *See United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006) (noting that the procedural reasonableness test requires asking "whether the district court [has] adequately considered and expressed its application of the relevant factors listed in 18 U.S.C. § 3553(a) to permit meaningful appellate review.") (internal quotation marks omitted). The record in this case clearly indicates the district court's consideration of the relevant sentencing factors. The district court communicated a clear rationale for its sentence. Moreover, Dexta fails to point to any relevant factor he raised that the district court did not consider, and there is nothing in the record to suggest that district court did not weigh all of the relevant factors in arriving at the sentence imposed.

B.

As to substantive reasonableness, the law of this circuit draws a distinction between sentences that are within the recommended Guidelines range and those outside of that range. Whenever a district court imposes a sentence that falls within the applicable Guidelines range, that sentence is treated with a rebuttable presumption of reasonableness. *United States v. Cruz*, 461 F.3d 752, 754 (6th Cir. 2006) ("We give a properly calculated sentence within the guidelines, in which the district judge adequately considered the § 3553(a) factors, a 'rebuttable presumption of reasonableness.'") (quoting *Williams*, 436 F.3d at 708).

Because the district court imposed a sentence within the range recommended by the Guidelines, it is accorded a rebuttable presumption of reasonableness. Dexta claims that the sentence imposed by the district court was unreasonable because a sentence of shorter length would have been more appropriate. Dexta argues on appeal, as he did before the district court, that his unique circumstances warrant lenity in sentencing. He notes that he was born outside of this country, that he is both a husband and father, and that he had no prior criminal record. He made these arguments before the district court, and the district court was ultimately unpersuaded that these circumstances justified the imposition of a lighter sentence. There is nothing in the record that suggests the district court's weighing of the relevant factors and decision to impose a sentence at the low end of the recommended Guidelines range was unreasonable. The district court was aware of Dexta's individual characteristics, and any potential mitigating force they might have, but balanced

those against society's need to punish criminal conduct and encourage those appearing before a court to provide truthful testimony.[1]

Dexta's mere allegation that the sentence imposed is greater than necessary to achieve the goals of punishment outlined in § 3553(a) is insufficient to rebut the presumption of reasonableness. His desire for a sentence of eight or nine years in lieu of the twelve and a half year sentence imposed is understandable. This desire, without more, however, does not justify this panel's setting Dexta's sentence aside. "The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of § 3553(a) in all relevant respects." *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006).

III.

For the foregoing reasons, we affirm the sentence imposed by the district court.

---

[1]Dexta also argues, as he did before the district court, that the sentences imposed on his co-conspirators were lighter than his sentence even though their prior criminal conduct and involvement with the instant crimes were more egregious. He also notes that the government conceded these points at the sentencing hearing. Accordingly, argues Dexta, the district court should have considered this as one of the factors in its § 3553(a) analysis, specifically § 3553(a)(6), which instructs district courts to avoid unwarranted sentencing disparities. However, this disparity is reasonable because his co-conspirators chose to plead guilty and cooperate with the prosecution.