**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0368n.06
Filed: May 31, 2007

**Case No. 06-1129**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| v. | ) | MICHIGAN, SOUTHERN DIVISION |
| | ) | |
| | ) | |
| NORRIS DUNCAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:   MOORE and GIBBONS, Circuit Judges; SARGUS, District Judge.[*]

**SARGUS, District Judge.**  Appellant-Defendant, Norris Duncan, was resentenced to a term of 151 months of imprisonment following his conviction for possessing a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 921(a) and 924(e).  In this appeal, Duncan contends that the sentence imposed was procedurally unreasonable in that the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a), as required by *United States v. Booker*, 543 U.S. 220 (2005).  This Court has jurisdiction to review final criminal sentences imposed by a district judge.  18 U.S.C. § 3742, as modified by *Booker*, 543 U.S. at 260-

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

For the reasons that follow, the sentence imposed by the district court is AFFIRMED.

**I.**

On January 9, 2004, Duncan pleaded guilty to possessing a firearm after having been previously convicted of three or more violent felonies or serious drug offenses. On April 12, 2004, the district court sentenced Duncan to a term of imprisonment of 188 months. Duncan then filed a timely notice of appeal to this Court.

Thereafter, the United States filed a motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure and sought a reduction in Duncan's sentence, based upon his substantial assistance in the investigation or prosecution of others. A jurisdictional issue, unrelated to this appeal, then ensued. On August 25, 2004, the district court resentenced Duncan to a new term of 151 months. The United States and the Defendant-Appellant filed a joint motion to vacate the prior judgment of sentence and to remand the case for resentencing in light of both the Rule 35(b) motion and the decision in *Booker.*[1]

Upon remand, this case was reassigned to a new district judge. The district court granted the Rule 35(b) motion made by the Government. Without objection, the district court calculated an offense level 29 and a criminal history category VI. Under the advisory United States Sentencing Guidelines, these two findings resulted in a sentencing range of 151 to 188 months.

Prior to sentencing, Duncan's counsel asked the court to consider his medical condition and post-conviction efforts. His counsel pointed to a number of educational programs which Duncan completed while incarcerated and asked the court to consider a sentence below 151 months.

---

[1]Both parties to this appeal acknowledge that the district court lacked jurisdiction to resentence Duncan while the case was still on appeal to this Court.

The district court sentenced Duncan to an identical term of 151 months of imprisonment.

**II.**

This Court reviews a sentence imposed by a district court for reasonableness. *United States v. Dexta*, 470 F.3d 612, 614 (6th Cir. 2006) (citing *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005)). A sentence imposed within the Sentencing Guidelines is presumptively reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

**III.**

Duncan challenges only the procedural reasonableness of the sentence imposed. As this Court explained in *United States v. Collington*:

> We have now split our reasonableness review into two inquiries: procedural reasonableness and substantive reasonableness. A sentence may be procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration."

461 F.3d 805, 808 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

Duncan does not dispute that the Guidelines were correctly calculated. The sole issue raised in this appeal is whether the district court considered the factors listed in 18 U.S.C. § 3553(a).[2]

---

[2]Section 3553(a) provides in full:
(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed--
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;

In *United States v. Bostic*, 371 F.3d 865, 873 (6th Cir. 2004), this Court held that, if the sentencing judge provided the parties with an opportunity to lodge objections after sentencing but prior to adjourning the sentencing hearing, a party who failed to object faces plain error review on appeal. Here, the district judge orally imposed the sentence. The judge then asked the parties if

               (C) to protect the public from further crimes of the defendant; and
               (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
      (3) the kinds of sentences available;
      (4) the kinds of sentence and the sentencing range established for--
               (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
                       (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
                       (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
               (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
      (5) any pertinent policy statement--
               (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
               (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
      (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
      (7) the need to provide restitution to any victims of the offense.

there were any objections to the sentence. No objections were raised. Under *Bostic*, this Court reviews under the plain error standard.

Plain error is established only if the error "is clear or obvious, and if it affects substantial rights. . . ." *United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir. 1996). The record below must reflect that the district court erred and that the error was plain. *United States v. Olano*, 507 U.S. 725, 732-34 (1993).

The district court imposed a sentence within the guideline range, which means the sentence is presumptively reasonable. Duncan contends that the district court failed to articulate its view of the factors set forth in 18 U.S.C. § 3553(a). The record below indicates that the district judge explained his reasoning for the sentence imposed. The absence of reference to each of the statutory factors is not plain error. The district court explained its sentencing decision and imposed a presumptively reasonable sentence. Duncan has failed to meet the plain- error standard of review.

**IV.**

For these reasons, the sentence imposed by the district court is AFFIRMED.