NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0683n.06

No. 09-2504

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Sep 26, 2011**

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Appellee, | ) |
| | ) On Appeal from the United |
| v. | ) States District Court for the |
| | ) Western District of Michigan |
| REGINALD BLAND, | ) |
| | ) |
| Defendant/Appellant. | ) |

Before: SUTTON and COOK, Circuit Judges; GREER, District Judge.[*]

**GREER, District Judge.** Defendant, Reginald Bland ("Bland"), appeals his conviction, based upon his guilty plea, of a drug conspiracy involving over five kilograms of cocaine and over fifty grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii) and (iii) and his sentence of 132 months, 192 months below the bottom of his advisory guidelines range. For the reasons which follow, we AFFIRM.

**I.**

This case has an unusual history. Bland was indicted by a federal grand jury in the Western District of Michigan in the latter part of 2007. On April 4, 2008, he entered a guilty plea pursuant to a Rule 11(c)(1)(C) plea agreement that capped his potential sentence at 144 months of imprisonment. After hearing objections to the Presentence Investigation Report ("PSR"), the district

---

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

court determined that Bland's advisory guidelines range was 324-405 months, granted a government motion for downward departure and sentenced Bland to 144 months imprisonment in accordance with his plea agreement. Bland then appealed, (No: 08-2334).

While Bland's appeal was pending before this Court, the government notified him that Benton Harbor, Michigan police officer, Andrew Collins, had planted marijuana in Bland's residence at the time of his arrest in order to support Collins's request for a state search warrant. During the federal prosecution of Collins, he implicated his former partner, Bernard Hall, in a wide ranging conspiracy involving falsified controlled drug buys, falsified informant payments and falsified affidavits to secure search warrants. As a result, approximately 30 state convictions were vacated, including Bland's felony conviction for maintaining a drug house. Bland's PSR referenced several other convictions where Collins and Hall were the investigating officers.

Due to the events involving Collins and Hall, Bland voluntarily dismissed his appeal in case No. 08-2334 and jointly moved with the government in the district court to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court granted the motion and scheduled a new sentencing hearing. The district court excised from the PSR all references to any matters involving the two corrupt officers, including the criminal history. Those changes did not affect the district court's calculation of Bland's advisory guidelines range. It remained at 324-405 months.

At resentencing on November 19, 2009, Bland sought "the most lenient sentence possible . . . given the outrageous, corrupt conduct of the police officers involved in the investigation" of the case. The district judge, observing that Bland's arguments relating to the misconduct of the officers appeared not to be directly related to the question of an appropriate sentence, offered to reject the Rule 11(c)(1)(C) agreement, allow Bland to withdraw his guilty plea and "go back to square one,"

2

where Bland could move to dismiss or attempt to re-negotiate his plea agreement if he felt he was then in a better bargaining position. Bland's counsel declined the offer by the district court three separate times during the hearing and Bland personally affirmed that he did not wish to withdraw his guilty plea. Bland was sentenced to 132 months of imprisonment and this appeal followed.

**II.**

Bland first argues that the government's conduct in this case is so "outrageous" that his due process rights have been violated and "urges this Court to take the extraordinary step of remanding the case to the district court and ordering the charges dismissed." But Bland has an insurmountable problem that keeps us from reaching the merits of his argument. He did not present the claim to the district court and raises it for the very first time in this Court. Not only did he not seek dismissal in the district court, Bland affirmatively declined the district court's multiple offers to allow him to withdraw his guilty plea and "go back to square one," in which case he could have filed his motion to dismiss in the district court and the district court could have conducted whatever evidentiary hearings were necessary to decide the motion.

There is a "long-standing rule that this court will generally not consider an argument not raised in the district court and presented for the first time on appeal." *United States v. Ellison*, 462 F.3d 557, 560 (6th Cir. 2006) (citing *Foster v. Barilow*, 6 F.3d 405, 428 (6th Cir. 1993)); *United States v. Ovalle*, 136 F.3d 1092, 1108 n.17 (6th Cir. 1998)). *See also United States v. Abdi*, 463 F.3d 547, 563-64 (6th Cir. 2006) ([i]t is fundamental, and firmly established by Supreme Court precedent, that appellate courts generally are not to consider an issue brought for the first time on appeal"). Bland's actions here constitute a waiver of his right to raise this issue on appeal.

Bland argues in his reply brief that even if the Court finds that he should have raised his due

process claim below, the Court should still consider the issue pursuant to Federal Rule of Criminal Procedure 52(b) which provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). Under the plain error standard, it must be established that there is error that is plain, and that affects substantial rights. *Johnson v. United States*, 520 U.S. 461, 466-67 (1997).

Bland's plain error argument fails for a very simple reason. Plain error review does not apply to cases of waiver. *United States v. Olano*, 507 U.S. 725, 733-34 (1993). Even if all the conditions under the plain error test are met, that only gives the appellate court the discretion to notice a forfeited error, not to decide an issue that has been waived. *United States v. Cotton*, 535 U.S. 625, 631-32 (2002). "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Olano*, 507 U.S. at 733.

### III.

Bland also challenges the district court's determination of the drug quantity attributable to him and thus the calculation of the advisory guidelines range by the district court. He argues that the district court relied on "vague, unreliable allegations" to determine the applicable drug quantity, primarily the testimony of a coconspirator, Tommy Ellis.

This Court reviews a district court's factual calculation of the drug quantity attributable to a defendant for clear error. *United States v. Olsen*, 537 F.3d 660, 663 (6th Cir. 2008). "The district court must set forth the evidence upon which it relies and make specific findings that are supported by a preponderance of the evidence." *United States v. Long*, 190 F.3d 471, 478 (6th Cir. 1999). "A drug quantity need only be established by a preponderance of the evidence, and an estimate will

4

suffice to long as it errs on the side of caution and likely underestimates the quantity of drugs actually attributable to the defendant." *United States v. Anderson*, 526 F.3d 319, 326 (6th Cir. 1998). The testimony of a coconspirator may be sufficient to determine the quantity of drugs attributable to another coconspirator. *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004).

We find nothing in the record here to convince us that the district court's finding that Bland was accountable for at least 4.5 kilograms of crack cocaine was clearly erroneous. The district court clearly set forth the evidence upon which it relied and made its findings under the appropriate evidentiary standard. Bland admits that his coconspirator, Ellis, attributed a far greater quantity to him and the district court found the testimony of Ellis to be "totally credible." The district court characterized this case as "a major drug conspiracy" with "significant quantities of crack and powder cocaine" distributed by Bland and his coconspirators. Although Bland characterizes Ellis as a liar, and cites inconsistencies in his statements, the district court's factual findings are fully supported by the record. The district court properly calculated the advisory guidelines range.

To the extent Bland also challenges the reasonableness of his sentence, we reject his challenge. We review a sentence both for substantive and procedural reasonableness under a deferential abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). As we have already found, the district court properly calculated the guidelines range, it treated the range as advisory, not mandatory, and it did not rely on any clearly erroneous facts. The district judge properly considered the § 3553(a) factors and explained his reasoning for the sentence chosen. Finally, Bland's sentence of 132 months, 192 months below the bottom of the applicable guidelines range, enjoys a presumption of substantive reasonableness. Bland make no real effort to rebut that presumption, although he vaguely argues that his sentence should have been 120 months rather than

5

132 months.  His mere allegation, however, that the sentence imposed is greater than necessary to achieve the goals of sentencing outlined in 18 U.S.C. § 3553(a) is insufficient to rebut the presumption.  *United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2006).

**IV.**

For the reasons set forth above, we find no error in the district court's decision and we AFFIRM Bland's conviction and sentence.