NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0491n.06

Case No. 22-5047

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Dec 01, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| CHARLES DEMETRIUS JACKSON, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SILER, BUSH, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Charles Jackson pleaded guilty to possessing, with the intent to distribute, 100 grams or more of fluorofentanyl in violation of 21 U.S.C. § 841. The district court imposed a 151-month sentence. On appeal, Jackson argues for the first time that the district court erred by failing to properly consider the various sentencing factors under 18 U.S.C. § 3553(a). Finding no plain error, we affirm.

**I.**

A search by law enforcement of Charles Jackson's home yielded a bevy of firearms and narcotics—including fluorofentanyl, which is a synthetic form of fentanyl and a Schedule I controlled substance. A federal indictment followed, charging Jackson with five counts of various drug and weapons crimes. In exchange for dropping the remaining counts, Jackson pleaded guilty to a single count of possessing, with the intent to distribute, 100 grams or more of fluorofentanyl.

Working from a proposed Guidelines range of 121 to 151 months, the district court opted for a sentence at the top of the range—151 months. Jackson's timely appeal followed.

**II.**

Jackson's lone argument is that the district court committed procedural error by failing to "articulate actual consideration of the § 3553(a) sentencing factors." We typically review procedural reasonableness challenges for abuse of discretion, meaning we grant relief only for an error of law, a clearly erroneous finding of fact, or where we are otherwise left with the "definite and firm conviction" that the district court clearly erred. *See United States v. Hymes*, 19 F.4th 928, 932–33 (6th Cir. 2021) (citations omitted). But, as Jackson failed to preserve this challenge, we review for plain error. In this posture, Jackson must demonstrate an error so obvious that it would result in a miscarriage of justice without reversal. *Id.* at 933. In the context of a challenge to the district court's consideration of the § 3553(a) factors, a district court commits plain error only if it wholly fails to consider a relevant factor. *See United States v. Houston*, 529 F.3d 743, 751–52 (6th Cir. 2008); *see also United States v. Simmons*, 501 F.3d 620, 625 (6th Cir. 2007).

No plain error occurred here. Instead of ignoring the § 3553(a) factors, the district court explicitly addressed them. It considered the nature of Jackson's offense, his background and criminal history, the applicable statutory minimum and Guidelines range, and similar offenders when fashioning the sentence. And the district court's analysis was thoughtful and particularized to Jackson. For instance, the district court considered letters submitted in support of Jackson and recognized that he enjoyed the support of his family. At the same time, the court voiced alarm at the "large amount of very dangerous drugs attributable" to Jackson. The dangers of fentanyl distribution, the district court explained, ranks the offense as amongst the most "serious" that is "currently being committed" in the Eastern District of Kentucky. Weighing these considerations,

2

the district court arrived at a sentence of 151 months, providing a sufficient record "to allow for meaningful appellate review." *See United States v. Dexta*, 470 F.3d 612, 615 (6th Cir. 2006) (citing *United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006)); *cf. United States v. Johnson*, 488 F.3d 690, 699–700 (6th Cir. 2007) (vacating and remanding for resentencing where the district court did not discuss the § 3553(a) factors at sentencing).

Jackson disagrees. He first suggests that the district court failed to address the specific facts of his case and instead discussed in merely general terms the overdose deaths that can result from fentanyl. But the district court's discussion about the deadly consequences of fentanyl distribution occurred in a broader discussion about the specific facts of Jackson's case—the possession of vast quantities of fluorofentanyl—and how "lucky" Jackson was that he was not subject to a death-resulting enhancement. Put another way, the district court considered the seriousness of Jackson's specific crime. Jackson also intimates that the district court needed to "meaningfully consider each of the § 3553(a) factors." But we have long rejected a rule that district judges ritualistically consider each § 3553(a) factor and make express findings as to each one. *See Simmons*, 501 F.3d at 625–26; *see also United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016). At bottom, Jackson fails to point to any relevant factor that the district court did not consider, and the record belies any suggestion of plain error.

**III.**

We affirm the judgment of the district court.