NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0023n.06

No. 22-6093

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 19, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| FARRELL MARCUM, | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: BOGGS, GILMAN, and NALBANDIAN, Circuit Judges.

BOGGS, Circuit Judge. Farrell Marcum has an extensive and violent criminal history dating back to 1984. In 2021, Marcum shot a man in the leg outside Marcum's own property, and police found a loaded gun in his home. He was charged with possessing a firearm as a felon and pleaded guilty. Because many of Marcum's convictions happened well in the past, only two were recent enough to count toward his criminal-history points. Accordingly, the Presentence Report placed him in the relatively low criminal-history category of II.

At sentencing, the district court departed upward, deciding that the more appropriate category for Marcum, based on his nearly forty years of consistent criminal activity and the likelihood of recidivism, was category IV. The court then sentenced Marcum to 71 months of imprisonment—the upper end of the adjusted Sentencing Guidelines range calculated for a category-IV offender. Marcum argues that this sentence is both procedurally and substantively unreasonable. Because the district court did not abuse its discretion in either respect, we affirm.

**BACKGROUND**

On March 29, 2021, Marcum shot a man in the leg, breaking his femur. The man was on Marcum's property, but he was in his own car, attempting to leave after Marcum had commanded him to do so. Upon learning that Marcum was the shooter and that he was a convicted felon, police executed a warrant at his home. There, police found a loaded 9mm handgun. Marcum was charged with and pleaded guilty to one count of violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm. The district court sentenced him to 71 months of imprisonment. Marcum was 59 when the court imposed this contested sentence.

Marcum's criminal history is substantial. In 1984, he stabbed a man in the throat with a pair of hemostats at a Cincinnati bar, and assaulted a police officer upon arrest. For that, he spent less than four years in prison. A few months after being paroled, Marcum was convicted of DUI and fined. Two years later he was again caught driving drunk and was arrested, but not before another fight with police. For that, he was sentenced to three days in jail and fined. Roughly two years after that, Marcum rammed his car into a police car and fled as police approached his home on a domestic-dispute call. Upon pursuit, Marcum rammed another police cruiser. For that, he was sentenced to a year in prison and served two and a half months. A month after his release, he was again convicted of DUI and fined.

In 1992, at age 28, Marcum was sentenced to a year in prison when he tried to sell a Kentucky State Police informant five tablets of Valium. He served two months. At age 34, Marcum was convicted in federal court of being a felon in possession of a firearm. Police found him passed out in a car with three loaded guns in the passenger seat—one of which was stolen. The investigation revealed that Marcum had obtained the stolen gun after pistol-whipping its owner multiple times, forcing him to strip, and stealing his clothes. The federal court sentenced him to

103 months of imprisonment. He subsequently violated his supervised-release conditions but was not reincarcerated.

In 2006, at age 42, Marcum was convicted in state court of fleeing and evading police. Two years later, he was convicted in federal court of attempting to possess and distribute cocaine. For these crimes, he served a total of one day in jail and was given four years of supervised release. In 2014, at age 50, and again in 2015, at 51, Marcum was convicted of possession of a controlled substance. Since then, and prior to the incident at the heart of this appeal, his only run-ins with the law were moving-vehicle violations.

Because of the age of most of his convictions, none of Marcum's conduct before 2014 resulted in criminal-history points. Marcum was assigned a criminal-history score of three (for his two drug-possession charges at age 50 and 51), which established a criminal-history category of II. Coupled with a total offense level of 21, the recommended Guidelines sentencing range was 41 to 51 months.

At sentencing, the district court departed upward pursuant to U.S.S.G. § 4A1.3(a)(1), increasing Marcum's criminal-history category to IV. The court outlined Marcum's extensive criminal history and focused on the violent nature of much of it. It then cited empirical data from the United States Sentencing Commission and determined that Marcum's particular criminal history and likelihood of recidivism put him more in line with individuals in category IV. The court considered Marcum's age and determined that it counseled against placing him in criminal-history category V, despite the seriousness and frequency of his criminal conduct. In the end, the court emphasized that Marcum's likelihood of recidivism, the seriousness and nature of his past conduct, previous lenient sentences, lack of evidence of those sentences acting as deterrents, and the need to protect the public supported an increase to category IV.

Adjusted for the criminal-history category increase, Marcum then faced a Guidelines range of 57 to 71 months of imprisonment. The court analyzed the 18 U.S.C. § 3553(a) sentencing factors and imposed a sentence of 71 months. Its reasoning mirrored that behind its choice to depart upward—Marcum's extensive and serious criminal past, the seriousness of the present crime, and thus that a longer sentence was necessary to provide deterrence and to protect the public.

Marcum now appeals both the procedural and substantive reasonableness of his sentence.

## ANALYSIS

We review the district court's sentencing process and its ultimate decision for an abuse of discretion. *United States v. Parrish*, 915 F.3d 1043, 1046–47 (6th Cir. 2019). Accordingly, we review the district court's factual findings for clear error and its legal conclusions de novo, giving deference to the district court's application of the Guidelines to the facts. *United States v. Abdalla*, 972 F.3d 838, 850 (6th Cir. 2020).

### A. Procedural Reasonableness

The question of procedural reasonableness focuses on *how* the district court calculated the sentence. The court must "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Marcum's sole procedural argument on appeal is that the district court failed to adequately explain the reasons for its upward departure.

If a defendant's presumptive criminal-history category "substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes," a sentencing court may depart upward from the Guidelines. U.S.S.G. § 4A1.3(a)(1).

But in doing so, the court must provide the *specific* reasons for its action. *Id.* § 4A1.3(c)(1) (emphasis added); *see also United States v. Johnson*, 640 F.3d 195, 205–06 (6th Cir. 2011) (citing 18 U.S.C. § 3553(c)(2)). Marcum's primary argument is that the court did not provide sufficiently specific reasons in writing for its upward departure.

But this is simply inaccurate. Here, the district court provided—in writing—an adequate basis for its upward departure. It stated three specific reasons for assigning Marcum a criminal-history category of IV: "(1) the serious nature of his prior criminal history; (2) past lenient treatment; and (3) the likelihood of recidivism." Statement of Reasons at 2. Further, as Marcum himself notes, the court listed additional reasons[1] for its sentence, including "(1) the need to provide specific deterrence to the defendant; (2) the need to protect the public in light of the likelihood of the defendant re-offending when released; (3) [the] serious nature of the instant offense which included the discharge of a firearm and injury to a third party; (4) the need to promote respect for the law; and (5) just punishment." *Id.* at 4. These reasons are specific enough. *See United States v. Potts*, 947 F.3d 357, 371 (6th Cir. 2020) (citing *United States v. Dexta*, 470 F.3d 612, 614–15 (6th Cir. 2006)) ("[W]e do not require 'magic words,' nor do we require a mechanical recitation of every factor or provision relied upon by the district court."). Our case law overwhelmingly supports this conclusion. *See, e.g.*, *United States v. Till*, No. 22-1841, 2023 WL 8651266, at *5 (6th Cir. Dec. 14, 2023) (holding that the district court's statements that the defendant's criminal history did not adequately reflect the likelihood of reoffending and the need to deter were specific enough for a § 4A1.3 upward departure); *United States v. Mabry*, No. 22-

---

[1] These additional reasons are listed as justifications for a "variance." **[DE 30-1 at 89].** The district court specifically stated, however, that it was imposing an upward departure based on § 4A1.3(a)(1). Moreover, the court clearly *departed* when it put Marcum in a higher criminal-history category and then imposed a sentence based on the "new" range of 57–71 months. Either way, the requirement that a sentencing court explain its reasoning for deviating from a Guidelines calculation is essentially the same whether the deviation is treated as a departure or a variance. *See Johnson*, 640 F.3d at 205; *see also id.* at n.5 & n.6.

1576, 2023 WL 4183456, at *3 (6th Cir. June 26, 2023) (same); *Potts*, 947 F.3d at 371 (holding that concerns about recidivism were enough for a four-category criminal-history upward departure pursuant to § 4A1.3(a)(1)).

And even if the district court's written reasons were lacking, the court explained its reasons for departure in greater detail during the sentencing hearing. This would cure any deficiencies in the court's written statement of reasons. *See Mabry*, 2023 WL 4183456, at *3 ("Even if [the written] explanation did not have the requisite level of specificity, the district court's oral explanation at the sentencing hearing . . . was sufficient to compensate." (cleaned up)) (quoting *United States v. Zobel*, 696 F.3d 558, 567 (6th Cir. 2012)). The court discussed Marcum's extensive criminal history and how that influenced its determination of the appropriate criminal-history category in the context of § 4A1.3(a)(1). The court specifically noted that the upward departure was based on a strong likelihood of recidivism, and explained how the seriousness of Marcum's previous convictions, the violent nature of his criminal history, and the fact that the seriousness of that history was understated all factored into the threat of recidivism. And the court even spent significant time discussing empirical data on the connection between recidivism rates and prior criminal activity.

Moreover, the court provided a detailed summation of its rationale in the specific context of a § 4A1.3-based upward departure:

> So when I do consider seriousness of his past conduct, the nature of that conduct; likelihood of recidivism based upon this information that I have just reviewed and provided to the parties; similar adult conduct not resulting in convictions or previous lenient sentences for offenses, and whether these previous sentences have provided a deterrent effect; as well as the necessity of isolating the defendant from the community, these factors would indicate that an increase to Criminal History Category IV would be warranted under Section 4A1.3.

Sentencing Tr. at 21. In short, the district court provided a more than adequate explanation for why it chose to depart pursuant to § 4A1.3(a)(1). Accordingly, Marcum has not shown that his sentence is procedurally unreasonable.

## B. Substantive Reasonableness

The question of substantive reasonableness focuses on the length of the sentence as opposed to how the district court imposed it. In essence, we look to see whether the sentence is "needlessly harsh or inappropriately lenient." *Potts*, 947 F.3d at 371. When we review the reasonableness of an upward departure, we consider the seriousness of the defendant's past criminal conduct, the likelihood of recidivism, prior similar conduct not resulting in convictions, previous lenient sentences, deterrence, the need to protect the community, and the length of time necessary to achieve rehabilitation, if rehabilitation is possible. *United States v. Hardy*, 643 F.3d 143, 158 (6th Cir. 2011). "Regardless of whether we would have imposed the same sentence, we must afford due deference to the district court's decision to determine the appropriate length of the defendant's sentence, so long as it is justified in light of the relevant § 3553(a) factors." *United States v. Herrera-Zuniga*, 571 F.3d 568, 591 (6th Cir. 2009).

Here, we see no abuse of discretion in the district court's decision to depart pursuant to § 4A1.3(a)(1) and then impose a sentence at the top end of the new calculated range. Given Marcum's extensive and violent criminal history, the fact that the crime of conviction here again involved grievous bodily harm to another person, and Marcum's continued commission of crimes over a period of decades, the district court clearly did not abuse its discretion when applying these facts to the § 3553(a) factors and imposing an above-Guidelines sentence. *See, e.g., United States v. Hall*, 664 F. App'x 479, 485 (6th Cir. 2016) (holding that an upward departure from criminal-history category IV to category VI, and an additional upward variance, was substantively

reasonable given the defendant's recidivist tendencies and the district court's proper consideration of the sentencing factors); *Herrera-Zuniga*, 571 F.3d at 591 (holding that a "particularly harsh" upward departure was substantively reasonable based on the defendant's "significant criminal history, his repeated recidivism, the seriousness of his offenses, [and] the nature and circumstances of his latest offense . . . ."). Because the sentence is justified in light of the relevant sentencing factors, we must afford the district court due deference. *See Herrera-Zuniga*, 571 F.3d at 591 (collecting cases).

Other than objecting to how the district court interpreted and applied the aforementioned factors in fashioning its sentence, Marcum specifically argues that the *two*-criminal-history-category departure was erroneous. It is unclear whether Marcum is arguing that assigning him a category-IV criminal history is plainly substantively unreasonable or that the district court did not properly consider instead a one-level increase to category III. But his arguments here mostly recycle his arguments concerning *procedural* reasonableness. As stated above, the district court adequately explained why it chose to depart from criminal-history category II to category IV. Moreover, the court was under no obligation to explain its rationale in rejecting all other possible sentences. *Potts*, 947 F.3d at 371 ("[W]e do not require the district court to cover every possible sentencing alternative. We simply ask whether the district court showed its work such that we can meaningfully review how and why it crafted a sentence.") (citing *United States v. Chiolo*, 643 F.3d 177, 182 (6th Cir. 2011)).

Accordingly, Marcum has failed to show that his sentence is substantively unreasonable.

**CONCLUSION**

For the reasons above, the judgment of the district court is **AFFIRMED**.