NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0356n.06

No. 24-1773

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><br>     Plaintiff-Appellee,<br><br>v.<br><br>EMANUEL JOSE VIRAMONTES-<br>HERNANDEZ, aka Amador Carrillo,<br><br>     Defendant-Appellant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN<br><br>OPINION</td></tr>
</table>

**FILED**
Jul 22, 2025
KELLY L. STEPHENS, Clerk

Before: SUTTON, Chief Judge; STRANCH and RITZ, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Emanuel Jose Viramontes-Hernandez appeals his sentence for possession of child pornography in violation of 18 U.S.C. § 2252A and § 2256. He argues that his trial counsel was ineffective for withdrawing an objection to a five-point sentencing enhancement for engaging in a pattern of activity under USSG § 2G2.2(b)(5) and that the trial court imposed a procedurally and substantively unreasonable sentence. For the reasons that follow, we **AFFIRM**.

## I. BACKGROUND

### A. Factual Background

Viramontes-Hernandez admitted the following facts as part of his plea agreement. In 2020, his brother was under thirteen years old, and Viramontes-Hernandez knew his brother was under thirteen years old. On multiple occasions, he removed his brother's clothes and touched his brother's naked body with his penis. On multiple occasions, Viramontes-Hernandez ejaculated

onto his brother's naked bottom. On one occasion, he used his brother's feet to stimulate his penis while he was masturbating. Viramontes-Hernandez recorded videos of several of these sexual encounters with his brother and threatened to send them to family members.

The Grand Rapids Police Department began investigating this sexual abuse in December 2020, and on February 25, 2021, they arrested Viramontes-Hernandez. The police department seized the phone that Viramontes-Hernandez had on his person when he was arrested. The phone contained over 600 images of child pornography including pornographic images of infants and toddlers.

### B. Procedural History

Viramontes-Hernandez was charged in state court with criminal sexual conduct for his abuse of his brother. He fled after being released on bond and was not apprehended until March 2023 when he was found living and working under an alias and, once again, arrested. His phone contained still more child pornography involving toddlers.

In October 2023, a federal grand jury indicted Viramontes-Hernandez for possession of child pornography involving prepubescent minors in violation of 18 U.S.C. § 2252A and § 2256. Specifically, the grand jury charged that Viramontes-Hernandez had possessed child pornography "including[] but not limited to" three specific video files that had been found on Viramontes-Hernandez's computer during the February 2021 search. In May 2024, Viramontes-Hernandez entered into a plea agreement with the Government, and, on May 9, 2024, he pled guilty to a single count of possession of child pornography.

The initial presentence report recommended a five-level enhancement to Viramontes-Hernandez's base offense level under USSG § 2G2.2(b)(5), which provides for an increase "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a

minor." The initial presentence report explained that Viramontes-Hernandez had "sexually assaulted his prepubescent brother over the course of several years and produced several videos of such." R. 48, Initial PSR, PageID 101. Viramontes-Hernandez objected to this enhancement, arguing that the abuse of his brother was not, in fact, conduct underlying the instant offense, because it was conduct underlying his state abuse offense for which he had received criminal history points. In the revised presentence report, the probation department removed the criminal history points for the state offense to resolve Viramontes-Hernandez's objection but maintained the five-level enhancement under USSG § 2G2.2(b)(5). The report now classified the abuse of Viramontes-Hernandez's brother as "relevant conduct" to the instant offense, and therefore not eligible for criminal history points. In the sentencing memorandum he filed after the revised presentence report, Viramontes-Hernandez indicated that he no longer objected to the imposition of the pattern enhancement. At sentencing, Viramontes-Hernandez's counsel again indicated that he had no objection to the Guidelines calculation in the revised presentence report.

As calculated in the final presentence report, Viramontes-Hernandez had a Guidelines range of 135 to 168 months. The Government moved for an upward variance from this range, and Viramontes-Hernandez moved for a downward variance from this range. Viramontes-Hernandez explained that he had been abandoned, neglected, and often starved as a child. He was raised by various relatives after his parents, who were both suffering from substance abuse and addiction, became unable to care for him. He was beaten often at a young age and suffered extensive corporal punishment. At the age of seven, he was sexually abused multiple times by a male friend of the family. At the age of fourteen, he was abused by another adult man. As a teenager, Viramontes-Hernandez began to abuse drugs because of untreated mental health issues. Viramontes-Hernandez argued that his criminal behavior was the product of his unstable and abusive

upbringing and that his abuse of his brother was a continuation of the pattern of abuse he had suffered. He argued that there was a substantial chance of rehabilitation with mental health and substance abuse treatment.

The district court declined to impose either requested variance. The court recognized that the Guidelines were advisory and that it had discretion to vary from them but, nonetheless, found that a downward variance was not warranted. It reasoned that the nature of the conduct in this case was "a very serious matter," including not just the possession of child pornography but also the abuse of Viramontes-Hernandez's brother. R. 80, Sentencing Tr., PageID 476. The court also reasoned that it had a responsibility to effect both general and specific deterrence. The court noted that it had a responsibility to protect the public from future crimes and that danger assessments run by the probation department indicated that Viramontes-Hernandez posed a moderate risk of re-offense. The court recommended that Viramontes-Hernandez take the time he spent in prison to complete sex offender treatment. It also took into account the mitigating evidence presented by the defendant including both his past history of abuse and his desire for reform in declining to impose an upward variance despite the severity of the conduct. As a result, the court imposed a sentence of 168 months, at the top end of the Guidelines range.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). A defendant's Sixth Amendment rights are violated where (1) counsel's performance was deficient, and (2) the

deficient performance prejudiced the defendant. *Gardner v. United States*, 122 F.4th 254, 258 (6th Cir. 2024) (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). To show deficient performance, Viramontes-Hernandez must demonstrate that his counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To show prejudice, Viramontes-Hernandez must demonstrate a "reasonable probability" that his sentencing outcome would have been more favorable in the absence of counsel's errors. *Id.* at 694.

Viramontes-Hernandez alleges that his counsel was ineffective for withdrawing his objection to the application of the pattern objection once the revised presentence report was issued—a decision he characterizes as "without reason." Appellant's Br. 8. When an appellant alleges that counsel was ineffective for failure to raise an issue, this court is mindful that "by definition" counsel "cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Thus, the determination of whether an objection to the application of the USSG § 2G2.2(b)(5) pattern enhancement for Viramontes-Hernandez's repeated sexual abuse of his brother in the revised presentence report would have had merit is key to the determination of whether he was provided with ineffective counsel at sentencing.

The pattern enhancement applies "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." USSG § 2G2.2(b)(5). At the outset, the parties disagree as to when the defendant must have engaged in this pattern of activity in order for the enhancement to apply. The commentary to § 2G2.2(b)(5) provides that

> "Pattern of activity involving the sexual abuse or exploitation of a minor" means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

USSG § 2G2.2(b)(5) cmt. n.1. Viramontes-Hernandez argues, however, that we should not apply this commentary because its reading of the guideline is unambiguously foreclosed by the plain text of the guideline itself. He asserts that the pattern of activity must have occurred during the "relevant conduct" specified in USSG § 1B1.3.

We need not decide here whether the pattern of activity referred to by § 2G2.2(b)(5) can extend beyond the "relevant conduct" defined by § 1B1.3, because Viramontes-Hernandez's objection would fail even under his narrower reading of § 2G2.2(b)(5). Guideline 2G2.2 requires "grouping" under USSG § 3D1.2—that is, the severity of the crime is measured based on the total aggregation of a pattern of activity, in this case the number of pornographic images downloaded. For crimes subject to grouping, the "relevant conduct" defined by § 1B1.3 includes two categories. First, under § 1B1.3(a)(1), relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." Second, under § 1B1.3(a)(2), relevant conduct includes acts, omissions, etc., that were "part of the same course of conduct or common scheme or plan as the offense of conviction." *United States v. Hill*, 79 F.3d 1477, 1481 (6th Cir. 1996) (quoting USSG § 1B1.3(a)(2)).

It is the second category that is relevant to this case. We have explained that in order to fall into "part of the same course of conduct or common scheme or plan as the offense of conviction," the conduct must be "a criminal violation that could result in incarceration—either under federal or state law" and "bear some logical relationship to the offense of conviction." *United States v. Hodge*, 805 F.3d 675, 679-80 (6th Cir. 2015). And we have held that prior, uncharged attempts to create child pornography are "relevant conduct" to child pornography

offenses under § 1B1.3. *Id.* at 682-83. For example, in *Hodge*, the defendant attempted to create a video of his minor stepdaughter as she was stepping out of the shower nude. *Id.* at 677. As a result of the investigation of this incident, it was discovered that he had substantial quantities of child pornography on his computer, and he was charged with possession of child pornography based on the images on his computer. *Id.* We held that "Hodge had a common purpose—fulfillment of his sexual interest in minors—for his receipt of child pornography and his production of the voyeur videos. The voyeur videos were thus part of a 'common scheme' with his offense of conviction." *Id.* at 683.

In the present action, no party disputes that Viramontes-Hernandez's abuse of his brother was criminal. And the offense of conviction is even more tightly intertwined with the purported "relevant conduct"—i.e., the sexual abuse of Viramontes-Hernandez's brother—than in *Hodge*. Viramontes-Hernandez pled guilty to possession of child pornography and specifically acknowledged in the "Factual Basis of Guilt" section of his plea agreement that he possessed child pornography that he, himself, had taped of his brother while sexually abusing his brother. R. 38, Plea Agreement, PageID 71-72. Viramontes-Hernandez's abuse of his brother was not merely part of a common scheme to fulfill a sexual interest in minors—it was part of a common scheme to possess pornography including but not limited to pornography featuring Viramontes-Hernandez's abuse of his brother. Viramontes-Hernandez's abuse of his brother was, therefore, "relevant conduct."

The abuse occurred multiple times. It was, therefore, "a pattern of activity involving the sexual abuse or exploitation of a minor" and meets the requirements for the application of § 2G2.2(b)(5). Application of that enhancement was appropriate, and any objection would have been meritless.

It was not ineffective assistance of counsel for Viramontes-Hernandez's counsel to withdraw his objection.[1]

## B. Sentencing

There are two components to our review of a district court's sentence: procedural reasonableness and substantive reasonableness. *See United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). Procedurally, the district court must "properly calculate the Guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Substantively, the sentence, must be sufficient but no more than necessary to achieve the sentencing goals set out in § 3553(a). *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020).

### 1. Procedural Reasonableness

Procedurally, Viramontes-Hernandez alleges that the trial court failed to adequately consider the § 3553(a) factors or to explain its reasoning. Ordinarily, we review procedural reasonableness claims under the abuse of discretion standard. *See United States v. Small*, 988 F.3d 241, 257 (6th Cir. 2021). However, because Viramontes-Hernandez failed to object to any procedural defects at sentencing, we review only for plain error. *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015). "To show plain error, Defendant 'must show (1) error (2) that

---

[1] This should not be taken as an indication that Viramontes-Hernandez's counsel's initial objection was meritless. Initially, the presentence report included the state charge for Viramontes-Hernandez's sexual abuse of his brother as a separate incident, not as part of the relevant offense conduct, for the purpose of the criminal history calculation. Thus, it was classified as part of the offense conduct for the purposes of Viramontes-Hernandez's base offense level but not as part of the offense conduct for his criminal history calculation—functionally double counting it. This issue was resolved in the revised presentence report, and therefore, any objection on these grounds to the revised report would have been meritless.

was obvious or clear, (3) that affected [D]efendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010)).

Section 3553(a) provides that a sentencing court should consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the "need for the sentence imposed" in light of the need to reflect the seriousness of the offense, protect the public, deter others, and promote rehabilitation; (3) "the kinds of sentences available;" (4) "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant;" (5) "any pertinent policy statement[;]" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (7) "the need to provide restitution to any victims of the offense."

A court is not required to act as an "automaton" and recite each factor; highlighting the individual characteristics that distinguish the defendant from others and that merit the sentence imposed is enough. *United States v. Smith*, 474 F.3d 888, 894 (6th Cir. 2007). The district court must simply "address[] the relevant factors in reaching its conclusion" and produce a record that "allow[s] for meaningful appellate review." *United States v. Dexta*, 470 F.3d 612, 614-15 (6th Cir. 2006).

In this case, the district court carefully walked through the factors it found relevant in imposing its sentence. The court addressed the factors it found concerning, notably the severity of the crime and the effect it had on Viramontes-Hernandez's younger brother, the court's belief that Viramontes-Hernandez posed a risk of recidivism absent a substantial prison sentence, and the need to deter others from engaging in similarly damaging behavior. The court also explained

that it has considered Viramontes-Hernandez's mitigation evidence, including evidence that his behavior was the product of a cycle of abuse and his commitment to changing his life upon release from prison, then noted that it was imposing a more lenient sentence as a result of these factors. The court considered the advisory Guidelines range and concluded that it adequately represented the appropriate sentence and that, therefore, no variance was needed in either direction. In short, the court adequately set forth the considerations raised by both parties and explained how it weighed the various factors in play. The court did not obviously err in doing so.

### 2.     Substantive Reasonableness

Viramontes-Hernandez also argues that his sentence was substantively unreasonable because the district court placed too great a weight on the nature of his crime and too little on his mitigation evidence. We review such a challenge under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A court acts unreasonably if it "place[s] too much weight on some of the § 3553(a) factors and too little on others" in reaching its sentencing decision. *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019) (quoting *Rayyan*, 885 F.3d at 442). However, because Viramontes-Hernandez's sentence was within the Guidelines range, we apply a presumption of reasonableness. *See United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc). We respect "the district court's reasoned discretion to weigh the factors 'to fashion individualized, fact-driven sentences without interference from appellate courts.'" *Perez-Rodriguez*, 960 F.3d at 754 (quoting *United States v. Boucher*, 937 F.3d 702, 708 (6th Cir. 2019)). We overturn only if we are "left with a definite and firm conviction that the district court committed a clear error of judgment." *Id.* at 753 (internal quotation marks omitted).

The nature of the crimes in this case was severe, even relative to other convictions for possession of large quantities of child pornography. As both the Government and the district court

noted below, Viramontes-Hernandez did not just possess or view child pornography; he created it, and he sexually abused his younger brother in the process of doing so. The district court did not err in giving significant weight to the severity of this conduct, the need to deter Viramontes-Hernandez—who posed a moderate recidivism risk—from engaging in similar conduct again, and the need to deter others from engaging in similar conduct.

Nor did the court overlook the mitigation evidence Viramontes-Hernandez presented. The court's reasoning at the sentencing hearing evinces its understanding that those who are victims of child sex abuse often go on to victimize others and that Viramontes-Hernandez's behavior may well be a product of the treatment he received as a child. The court also recognized that Viramontes-Hernandez had taken responsibility for his conduct, understood that his conduct was wrong, and wanted to change his life, and the court factored all of this into its consideration of the need for specific deterrence. The court did not abuse its discretion by treating this evidence as mitigating the severity of the conduct in this case but declining to treat it as so mitigating that it merited a downward variance from the Guidelines range. The sentence was not substantively unreasonable.

## III.   CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.